UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

LOIDA ALMANZA
and other similarly-situated individuals,

      Plaintiff (s),

v.

SELECT EXPRESS & LOGISTICS, LLC,
And INNOVATIVE DELIVERY & LOGISTICS, LLC

      Defendant,

_____/

## VERIFIED COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b)

      COMES NOW the Plaintiff LOIDA ALMANZA, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants SELECT EXPRESS & LOGISTICS, LLC and INNOVATIVE DELIVERY & LOGISTICS, LLC and alleges:

1. This is an action to recover money damages for unpaid regular and overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act", (Section 216 for jurisdictional placement).

2. Plaintiff LOIDA ALMANZA is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act. Plaintiff LOIDA ALMANZA consents to be a party in this action by signing this verified complaint.

Doc ID: 61fd134e933fa4349ce5eda59869064fef33f069

3. Defendant SELECT EXPRESS & LOGISTICS, LLC (hereinafter SELECT EXPRESS, or Defendant) is a Foreign Limited Liability Company, authorized to do business in Florida and has place of business in Miami-Dade Count, within the jurisdiction of this Court.  At all times Defendant was and is engaged in interstate commerce.

4. Defendant INNOVATIVE DELIVERY & LOGISTICS, LLC (hereinafter INNOVATIVE DELIVERY, or Defendant) is a Foreign Limited Liability Company, authorized to do business in Florida and has place of business in Miami-Dade Count, within the jurisdiction of this Court.  At all times Defendant was and is engaged in interstate commerce.

5. Pursuant to 29 U.S.C. § 203 (r)(1) and pursuant to 29 C.F.R. §791.2., Defendants SELECT EXPRESS, and INNOVATIVE DELIVERY are a joint enterprise, and joint employers of Plaintiff.

6. All the actions raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

<u>ALLEGATIONS COMMON TO ALL COUNTS</u>

7. This cause of action is brought by Plaintiff LOIDA ALMANZA as a collective action to recover from Defendant regular hours, overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after November 2018 (the "material time") without being compensated for regular hours and overtime wages pursuant to the FLSA.

Doc ID: 61fd134e933fa4349ce5eda59869064fef33f069

8.   Corporate Defendants SELECT EXPRESS and INNOVATIVE DELIVERY are logistic companies providing pick-up, courier, delivery and related services to commercial accounts nationwide.

9.   Pursuant to 29 U.S.C. § 203 (r)(1), Defendants SELECT EXPRESS and INNOVATIVE DELIVERY are a joint enterprise because: 1) the two companies have the same or related business activities; 2) the two companies operated out of the same location; 3) the two companies shared centralized management offices, facilities, equipment and supplies; 4) SELECT EXPRESS and INNOVATIVE DELIVERY operated as a single unit for a common business purpose; 5) between SELECT EXPRESS and INNOVATIVE DELIVERY existed unified operation and common control, and they operated as a single unit; 6) SELECT EXPRESS and INNOVATIVE DELIVERY shared a common business purpose, the profitable operation of both companies; 7) SELECT EXPRESS and INNOVATIVE DELIVERY had interdependent financial interest, because both companies served the same customers; 8) and existed common ownership.

10.  Pursuant 29 C.F.R. §791.2. SELECT EXPRESS and INNOVATIVE DELIVERY were joint employers because: 1) SELECT EXPRESS and INNOVATIVE DELIVERY through their owners/managers, had equal and absolute control over the Plaintiff and other employees similarly situated; 2) SELECT EXPRESS and INNOVATIVE DELIVERY through their management jointly and equally determined terms and employment conditions of Plaintiff and other employees similarly situated; 3) SELECT EXPRESS and INNOVATIVE DELIVERY operated out of the same facilities where Plaintiff and the other similarly situated employees worked; 4) the work performed by Plaintiff and other similarly situated individuals were an integral part of the business

Doc ID: 61fd134e933fa4349ce5eda59869064fef33f069

operation of SELECT EXPRESS and INNOVATIVE DELIVERY; 5) both companies had the power to hire and to fire employees.

11. Therefore, because the work performed by Plaintiff and other similarly-situated individuals, simultaneously benefited all Defendants and directly or indirectly furthered their joint interest, Defendants SELECT EXPRESS and INNOVATIVE DELIVERY are a joint enterprise as defined in 29 U.S.C. § 203 (r)(1), and they are also joint employers as defined in 29 C.F.R. §791.2.

12. Defendants SELECT EXPRESS and INNOVATIVE DELIVERY are the joint employers of Plaintiff and other similarly situated employees under the FLSA's broad definition of "employer", (29 U.S.C. §203 (d)), and they are jointly liable for Plaintiff's damages.

13. Defendants SELECT EXPRESS and INNOVATIVE DELIVERY hereinafter will be called collectively SELECT EXPRESS,  or Defendant.

14. Defendant SELECT EXPRESS employed Plaintiff LOIDA ALMANZA as a courier driver from approximately November 11, 2018 through March 30, 2019, or 20 weeks.

15. Plaintiff was paid at the rate of $12.50, and $15.00 an hour.

16. While working for Defendant, Plaintiff worked off-the-clock hours that were not compensated at any rate, not even the minimum wage rate.

17. Plaintiff had an irregular schedule, Plaintiff worked weeks of 5, 4 and 3 days, from 7:30 AM to minimum 8:00 PM, or 12.5 hours daily.

18. Regardless the number of days worked by Plaintiff, she always worked off-the-clock hours which were produced as follows:

19. 1) Plaintiff was required to show up, ready to work and began to work at 7:30 AM, but she was not allowed to clock-in until the moment she received the order to do it. Plaintiff

Doc ID: 61fd134e933fa4349ce5eda59869064fef33f069

performed preliminary activities including work meetings that were not compensated as hours worked. 2) At noon, Plaintiff was required to clock-in and out for 1 hour as a lunch time. Nevertheless, Plaintiff was unable to take any bona-fide lunch period due to her overloaded delivery route. 3) Management monitored the hours worked by Plaintiff and other drivers, and she was ordered to clock-out whenever it was convenient for the employer. However, Plaintiff was forced to complete her delivery route under threats of suspensions and other disciplinary actions.  Plaintiff estimates that she worked a minimum of 3 off-the-clock hours after she clocked out for the day. These off-the-clock hours were produced every day regardless the number of days worked.

20. Consequently, during her time of employment with Defendant, Plaintiff worked every day a minimum of  0.5 hours before clocking in, and at least 3 hours after clocking out, or a total of 3.5 hours, which resulted in 10.50 off-the-clock hours in weeks of 3 days; 14 off-the-clock hours in weeks of 4 days; and 17.5 off-the-clock hours in weeks of 5 days.

21. Moreover, the lunch hours that Defendant improperly deducted from Plaintiff's wages every day, constitute additional overtime or regular hours that were not paid at any rate.

22. Defendant maintained a time-keeping system and was able to track the hours worked by Plaintiff and other similarly situated individuals.

23. Therefore, Defendant willfully failed to pay Plaintiff for regular hours and overtime hours at the rate of time and a half her regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

24. Plaintiff was paid weekly with checks and paystubs that did not reflect the days and the real number of hours worked.

Doc ID: 61fd134e933fa4349ce5eda59869064fef33f069

25. Plaintiff disagreed with the deductions for lunch hours, the unpaid off-the clock hours, and she complained verbally every time she was ordered to clock-out before completing her deliveries. She complained to the manager Miguel LNU, to the assistant manager Juan LNU, and to the dispatcher multiple times. Plaintiff also requested contact information of the H.R. department to complain about her working conditions. Defendant did not provide Plaintiff with the information sought, refused to change its unlawful employment practices, and threatened Plaintiff with suspension, termination, and other disciplinary actions.

26. As a result of her complaints, Plaintiff suffered the reduction of her working days, and she was assigned more difficult and demanding routes.

27. On or about March 22, 2019 Plaintiff sent a text to manager Miguel LNU in which she requested to be paid for overtime hours and she also requested contact information for Human Resources department in order to complaint about her unpaid hours.

28. On or about March 30, 2019, using a pretextual reason, Plaintiff was unfairly terminated by Defendant.

29. Plaintiff is not in possession of time records, but she is going to provide a good faith estimated based on 20 paystubs covering her 20 weeks of employment with Defendant, see **Exhibit "A"**.

30. Plaintiff and all others similarly situated individuals, were victims of Defendant's common policy and practices which enabled them to violate overtime provisions of the Fair Labor Standards Act.

31. Plaintiff LOIDA ALMANZA seeks to recover deducted lunch hours and unpaid off-the-clock hours which constitute regular or overtime wages, accumulated during the relevant

Doc ID: 61fd134e933fa4349ce5eda59869064fef33f069

period of employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

32. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid overtime hours at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty, and who suffered improper deductions for untaken lunch periods.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME**

33. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-32 above as if set out in full herein.

34. Defendants SELECT EXPRESS and INNOVATIVE DELIVERY are the joint employers of Plaintiff and other similarly situated employees under the FLSA's broad definition of "employer", (29 U.S.C. §203 (d)), and they are jointly liable for Plaintiff's damages.

35. Defendants SELECT EXPRESS and INNOVATIVE DELIVERY hereinafter will be called collectively SELECT EXPRESS, or Defendant.

36. Defendant SELECT EXPRESS was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).  Defendant provides pick-up, deliveries, courier services and participated in interstate commerce by transporting all kind of goods and valuables. Defendant recurrently handled all kind of merchandise ordered and purchased from out of state manufacturers. Defendant's activities were essential to interstate commerce.  Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by

Doc ID: 61fd134e933fa4349ce5eda59869064fef33f069

regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

37. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff as a courier driver, provided courier services to firms and individuals engaged in commerce or in the production of goods for commerce. Plaintiff's activities as a courier driver were related and essential to interstate commerce. Therefore, there is FLSA individual coverage.

38. Defendant SELECT EXPRESS employed Plaintiff LOIDA ALMANZA as a courier driver from approximately November 11, 2018 through March 30, 2019, or 20 weeks.

39. Plaintiff was paid at the rate of $12.50, and $15.00 an hour.

40. While working for Defendant, Plaintiff worked off-the-clock hours that were not compensated at any rate, not even the minimum wage rate.

41. During her employment with Defendant, Plaintiff had an irregular schedule, Plaintiff worked weeks of 5, 4 and 3 days, from 7:30 AM to minimum 8:00 PM, or 12.5 hours daily.

42. Regardless the number of days worked by Plaintiff, she always worked off-the-clock hours which were produced as follows:

43. 1) Plaintiff was required to show up, ready to work at 7:30 AM, but she was not allowed to clock-in until the moment she received the order to do it. Plaintiff performed

Doc ID: 61fd134e933fa4349ce5eda59869064fef33f069

preliminary activities including work meetings that were not compensated as hours worked. 2) At noon, Plaintiff was required to clock-in and out for 1 hour as a lunch time. Nevertheless, Plaintiff was unable to take any bona-fide lunch period due to her overloaded delivery route. 3) Management monitored the hours worked by Plaintiff and other drivers, and she was ordered to clock-out whenever it was convenient for the employer. However, after clocking-out, Plaintiff was forced to complete her delivery route under threats of suspensions and other disciplinary actions.  Plaintiff estimates that she worked a minimum of 3 off-the-clock hours after she clocked out for the day. These off-the-clock hours were produced every day regardless the number of days worked.

44. Consequently, during her time of employment with Defendant, Plaintiff worked every day a minimum of  0.5 hours before clocking in, and at least 3 hours after clocking out, or a total of 3.5 hours, which resulted in 10.5 off-the-clock hours in weeks of 3 days; 14 off-the-clock hours in weeks of 4 days; and 17.5 off-the-clock hours in weeks of 5 days.

45. Moreover, the lunch hours that Defendant improperly deducted from Plaintiff's wages, constitute additional overtime or regular hours that were not paid at any rate.

46. Defendant maintained a time-keeping system and was able to track the hours worked by Plaintiff and other similarly situated individuals.

47. Therefore, Defendant willfully failed to pay Plaintiff for regular hours and overtime hours at the rate of time and a half her regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

48. Plaintiff was paid weekly with checks and paystubs that did not reflect the days and the real number of hours worked.

Doc ID: 61fd134e933fa4349ce5eda59869064fef33f069

49. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees.

50. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

51. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

*Please note that these are preliminary calculations which are subjected to modification as discovery would dictate. Please **see Exhibit "A"** for detailed accounting of hours worked every week.

   a.  <u>Total amount of alleged half-time unpaid O/T wages:</u>

   Six Thousand Four Hundred Seventy-Six Dollars and 66/100 ($6,476.66)

   b.  <u>Calculation of such wages:</u>

   Total relevant weeks of employment:  20 weeks

   **1.- Calculations for O/T hours from 11/11/2018 to 02/02/2019, or 12 weeks Paid @ $12.50 an hour**

   Relevant weeks: 12 weeks
   Total number of O/T hours worked:  210.12 O/T hours
   Regular rate:  $12.50 an hour x 1.5=$18.75
   O/T rate: $18.75

   O/T rate $18.75 x 210.12 O/T hours=$3,939.78

   **2.- Calculations for O/T hours from 02/03/2019 to 03/30/2019, or 8 weeks Paid @ 15.00 an hour**

   Relevant weeks: 8 weeks
   Total number of O/T hours worked:  112.65 O/T hours
   Regular rate:  $15.00 an hour x 1.5=$22.50
   O/T rate: $22.50

Doc ID: 61fd134e933fa4349ce5eda59869064fef33f069

O/T rate $22.50 x 112.65 O/T hours=$2,536.88

Total 1 and 2: $6,476.66

c. <u>Nature of wages (e.g. overtime or straight time):</u>

This amount represents unpaid overtime wages.

52. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

53. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

54. Defendant SELECT EXPRESS willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remains owing Plaintiff these overtime wages.

55. Plaintiff seeks to recover unpaid overtime wages accumulated during her time of employment with Defendant as allowable by law.

56. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

Doc ID: 61fd134e933fa4349ce5eda59869064fef33f069

WHEREFORE, Plaintiff and those similarly-situated respectfully requests that this Honorable Court:

    A. Enter judgment for Plaintiff LOIDA ALMANZA and other similarly-situated and against the Defendant SELECT EXPRESS based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

    B. Award Plaintiff LOIDA ALMANZA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

    E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

**<u>COUNT II:</u>**
**<u>F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:</u>**
**<u>FAILURE TO PAY MINIMUM WAGE</u>**

57. Plaintiff LOIDA ALMANZA re-adopts every factual allegation as stated in paragraphs 1-32 of this complaint as if set out in full herein.

58. This action is brought by Plaintiff LOIDA ALMANZA and those similarly-situated to recover from the Employer SELECT EXPRESS unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

Doc ID: 61fd134e933fa4349ce5eda59869064fef33f069

59. Defendants SELECT EXPRESS and INNOVATIVE DELIVERY are the joint employers of Plaintiff and other similarly situated employees under the FLSA's broad definition of "employer", (29 U.S.C. §203 (d)), and they are jointly liable for Plaintiff's damages.

60. Defendants SELECT EXPRESS and INNOVATIVE DELIVERY hereinafter will be called collectively SELECT EXPRESS, or Defendant.

61. Defendant SELECT EXPRESS was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).  Defendant provides pick-up, deliveries, courier services and participated in interstate commerce by transporting all kind of goods and valuables. Defendant recurrently received on its premises all kind of merchandise ordered and purchased from out of state manufacturers. Defendant's activities were essential to interstate commerce. Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

62. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce.  Plaintiff as a courier driver, provided services to firms and individuals engaged in commerce or in the production of goods for commerce. Plaintiff's activities as a courier driver were related and essential to interstate commerce. Therefore, there is FLSA individual coverage.

Doc ID: 61fd134e933fa4349ce5eda59869064fef33f069

63. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

64. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

 (1) except as otherwise provided in this section, not less than—

   (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

   (B) $6.55 an hour, beginning 12 months after that 60th day; and

   (C) $7.25 an hour, beginning 24 months after that 60th day

65. Defendant SELECT EXPRESS employed Plaintiff LOIDA ALMANZA as a courier driver from approximately November 11, 2018 through March 30, 2019, or 20 weeks.

66. Plaintiff was a full-time employee working more than 40 hours, she paid at the rate of $12.50, and $15.00 an hour.

67. However, while working for Defendant, Plaintiff worked off-the-clock hours that were not compensated at any rate, not even the minimum wage rate.

68. Plaintiff worked at least 32.73 hours without being paid at least minimum wages as established by the Fair Labor Standards Act.

69. Defendant used a time-keeping system and was able to track the number of hours worked by Plaintiff and other similarly situated individuals.

70. Therefore, Defendant failed to pay Plaintiff minimum wages, in violation of the Fair Labor Standards Act of 1938 (29 U.S.C. §206 (a)).

Doc ID: 61fd134e933fa4349ce5eda59869064fef33f069

71. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly-situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

72. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

73. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

   *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.  Please **see Exhibit "A"** for detailed accounting of hours worked every week.
   *Florida minimum wage 2019 is $8.46 which is higher than Federal minimum wage, as per FLSA regulations the higher minimum wage rate applies.

   a. Total amount of alleged unpaid wages:

      Two Hundred Seventy-Six Dollars and 90/100 ($276.90)

   b. Calculation of such wages:

      Total relevant weeks of employment: 20 weeks
      Total number of unpaid hours: 32.73 hours
      Florida minimum wage 2019: $8.46

      FL minimum wage $8.46 x 32.73 hours=$276.90

   c. Nature of wages:

      This amount represents unpaid minimum wages at Florida Min. wage rate

74. Defendant SELECT EXPRESS unlawfully failed to pay Plaintiff minimum wages. Plaintiff seeks to recover for minimum wage violations accumulated from the date of hire through Plaintiff's last date of employment.

Doc ID: 61fd134e933fa4349ce5eda59869064fef33f069

75. Defendant SELECT EXPRESS knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly-situated employees' employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

76. Defendant SELECT EXPRESS willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendant.

77. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff LOIDA ALMANZA and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff LOIDA ALMANZA and against the Defendant SELECT EXPRESS based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or

Doc ID: 61fd134e933fa4349ce5eda59869064fef33f069

available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff LOIDA ALMANZA and those similarly-situated demand trial by jury of all issues triable as of right by jury.

<u>**COUNT III:**</u>
<u>**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)**</u>
<u>**RETALIATORY DISCHARGE**</u>

78. Plaintiff LOIDA ALMANZA re-adopts every factual allegation as stated in paragraphs 1-32 of this complaint as if set out in full herein.

79. Defendants SELECT EXPRESS and INNOVATIVE DELIVERY are the joint employers of Plaintiff and other similarly situated employees under the FLSA's broad definition of "employer", (29 U.S.C. §203 (d)), and they are jointly liable for Plaintiff's damages.

80. Defendants SELECT EXPRESS and INNOVATIVE DELIVERY hereinafter will be called collectively SELECT EXPRESS, or Defendant.

81. Defendant SELECT EXPRESS was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).  Defendant provides pick-up, deliveries, courier services and participated in interstate commerce by transporting all kind of goods and valuables. Defendant recurrently received on its premises all kind of merchandise ordered and purchased from out of state manufacturers. Defendant's activities were essential to interstate commerce.  Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue

Doc ID: 61fd134e933fa4349ce5eda59869064fef33f069

of the Employer/Defendant was at in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

82. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff as a driver, provided courier services to firms and individuals engaged in commerce or in the production of goods for commerce. Plaintiff's activities as a courier driver were related and essential to interstate commerce. Therefore, there is FLSA individual coverage.

83. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

84. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

85. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

86. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

87. Defendant SELECT EXPRESS employed Plaintiff LOIDA ALMANZA as a courier driver from approximately November 11, 2018 through March 30, 2019, or 20 weeks.

88. Plaintiff was a non-exempted, full-time employee and she was paid at the rate of $12.50, and $15.00 an hour.

Doc ID: 61fd134e933fa4349ce5eda59869064fef33f069

89. While working for Defendant, Plaintiff worked off-the-clock hours that were not compensated at any rate, not even the minimum wage rate.

90. During her employment with Defendant, Plaintiff had an irregular schedule, Plaintiff worked weeks of 5, 4 and 3 days, from 7:30 AM to minimum 8:00 PM, or 12.5 hours daily

91. Regardless the number of days worked by Plaintiff, she always worked at least 3.5 off-the-clock hours which were produced as follows: 0.30 minutes at the beginning of her shift, and 3 hours at the end of her shift. Plaintiff was required to clock-out, but Defendant forced Plaintiff to complete her route under threats of suspension, termination, and other disciplinary actions.

92. In addition, every day Plaintiff was required to clock-in and out 1 hour for lunch time. Nevertheless, Plaintiff was unable to take any bona-fide lunch period due to her overloaded delivery route.

93. Consequently, during her time of employment with Defendant, Plaintiff worked every day a minimum of 4.5 off-the-clock hours which constituted unpaid regular and overtime hours.

94. Defendant maintained a time-keeping system and was able to track the hours worked by Plaintiff and other similarly situated individuals.

95. Therefore, Defendant willfully failed to pay Plaintiff for regular hours and overtime hours at the rate of time and a half her regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

Doc ID: 61fd134e933fa4349ce5eda59869064fef33f069

96. Plaintiff was paid weekly with checks and paystubs that did not reflect the days and the real number of hours worked.

97. Plaintiff disagreed with the deductions for lunch hours, the unpaid off-the clock hours, and she complained verbally every time she was ordered to clock-out before completing her deliveries.

98. Plaintiff complained about the unpaid off-the-clock hours to the manager Miguel LNU, to the assistant manager Juan LNU, and to the dispatcher multiple times.

99. These complaints constituted protected activity under FLSA, 29 U.S.C. 215(a)(3).

100. Plaintiff also requested contact information of the H.R. department in order to complain about her working conditions. Defendant did not provide Plaintiff with the information sought, refused to change its unlawful employment practices, and threatened Plaintiff with termination.

101. As a result of her complaints, Plaintiff suffered the reduction of her working days, and she was assigned more difficult and demanding routes.

102. On or about March 22, 2019 Plaintiff sent to manager Miguel LNU a text in which she requested to be paid for overtime hours and she also requested the phone number of the Human Resources department in order to complaint about her unpaid hours.

103. This written complaint constituted protected activity under FLSA, 29 U.S.C. 215(a)(3).

104. Because of Plaintiff's complaints, on or about March 30, 2019, Defendant unfairly fired Plaintiff using a pretextual reason. There was not a reason to fire Plaintiff other than retaliation due to her complaints and requests to be paid for overtime hours.

Doc ID: 61fd134e933fa4349ce5eda59869064fef33f069

105.     At all times during her employment, Plaintiff performed her work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

106.     The termination of Plaintiff LOIDA ALMANZA by the Defendant, was directly and proximately caused by Defendant's unjustified retaliation against her, because of her multiple complaints about overtime payment, in violation of Federal Law.

107.     Plaintiff's termination came just in closed proximity after Plaintiff's participation in protected activity.

108.     Defendant SELECT EXPRESS willfully and maliciously retaliated against Plaintiff because she engaged in protected activity.

109.     The Defendant's termination of Plaintiff 's employment, was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

110.     Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff LOIDA ALMANZA respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendant's acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendant SELECT EXPRESS that Plaintiff recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

Doc ID: 61fd134e933fa4349ce5eda59869064fef33f069

D. Order the Defendant SELECT EXPRESS to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff LOIDA ALMANZA further prays for such additional relief as the interests of justice may require.

JURY DEMAND

Plaintiff LOIDA ALMANZA demands trial by jury of all issues triable as of right by jury.

Dated May 2, 2019

                              Respectfully submitted,

                              By: **/s/ Zandro E. Palma**
                              ZANDRO E. PALMA, P.A.
                              Florida Bar No.: 0024031
                              9100 S. Dadeland Blvd.
                              Suite 1500
                              Miami, FL 33156
                              Telephone: (305) 446-1500
                              Facsimile:  (305) 446-1502
                              zep@thepalmalawgroup.com
                              *Attorney for Plaintiff*

Doc ID: 61fd134e933fa4349ce5eda59869064fef33f069

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

LOIDA ALMANZA
and other similarly-situated individuals,

Plaintiff (s),                                    **EXHIBIT "A"**

v.

SELECT EXPRESS & LOGISTICS, LLC,
And INNOVATIVE DELIVERY & LOGISTICS, LLC

Defendant,

_____/

### HOURS WORKED BY PLAINTIFF LOIDA ALMANZA

| Weeks | # days | Hours Paid | Rate | Unpaid hours | # hrs. | Unpaid hrs. | Total |
|-------|--------|------------|------|--------------|--------|-------------|-------|
| Week # 1 11/11/18 11/17/18 | 5 | Reg.  40 O/T 18.98 | $12.5 $18.75 | Off the clock Lunch hours | 17.50 5 | 22.5 O/T hrs. | $421.88 |
| Week # 2 11/18/18 11/24/18 | 5 | Reg. 40 O/T  8.28 | $12.5 $18.75 | Off the clock Lunch hours | 17.50 5 | 22.5 O/T hrs. | $421.88 |
| Week # 3 11/25/18 12/01/18 | 5 | Reg. 40 O/T 15.77 | $12.5 $18.75 | Off the clock Lunch hours | 17.50 5 | 22.5 O/T hrs. | $421.88 |
| Week # 4 12/02/18 12/08/18 | 5 | Reg. 40 O/T 15.42 | $12.5 $18.75 | Off the clock Lunch hours | 17.50 5 | 22.5 O/T hrs. | $421.88 |
| Week # 5 12/09/18 12/15/18 | 4 | Reg. 40 O/T  2.05 | $12.5 $18.75 | Off the clock Lunch hours | 14 4 | 18 O/T hrs. | $337.50 |
| Week # 6 12/16/18 12/22/18 | 4 | Reg. 40 O/T 5.25 | $12.5 $18.75 | Off the clock Lunch hours | 14 4 | 18 O/T hrs. | $337.50 |
| Week # 7 12/23/18 12/29/18 | 3 | Reg. 34.12 O/T | $12.5 $18.75 | Off the clock Lunch hours | 10.5 3 | Total 13.5 hrs. Reg. 5.88 hrs. O/T  7.62 hrs. | $ 73.50 $142.88 |
| Week # 8 12/30/18 01/05/19 | 3 | Reg. 31 O/T | $12.5 $18.75 | Off the clock Lunch hours | 10.5 3 | Total 13.5 hrs. Reg. 9 hrs. O/T 4.5 hrs. | $112.50 $ 84.38 |

Doc ID: 61fd134e933fa4349ce5eda59869064fef33f069

| Week # 9<br>01/06/19<br>01/12/19 | 4 | Reg. 40<br>O/T 2.20 | $12.5<br>$18.75 | Off the clock<br>Lunch hours | 14<br>4 | 18 O/T hrs. | $337.50 |
|---|---|---|---|---|---|---|---|
| Week #10<br>01/13/19<br>01/19/19 | 4 | Reg. 40<br>O/T 3.10 | $12.5<br>$18.75 | Off the clock<br>Lunch hours | 14<br>4 | 18 O/T hrs. | $337.50 |
| Week #11<br>01/20/19<br>01/26/19 | 4 | Reg. 40<br>O/T 0.42 | $12.5<br>$18.75 | Off the clock<br>Lunch hours | 14<br>4 | 18 O/T hrs. | $337.50 |
| Week #12<br>01/27/19<br>02/02/19 | 4 | Reg. 40<br>O/T 0.88 | $12.5<br>$18.75 | Off the clock<br>Lunch hours | 14<br>4 | 18 O/T hrs. | $337.50 |
| **Week 13**<br>02/03/19<br>02/09/19 | 4 | Reg. 37.78<br>O/T | **$15.00**<br>**$22.50** | Off the clock<br>Lunch hours | 14<br>4 | Total 18 hrs.<br>Reg.  2.22 hrs.<br>O/T 15.78 hrs. | $ 33.30<br>$355.05 |
| Week #14<br>02/10/19<br>02/16/19 | 4 | Reg. 40<br>O/T 6.52 | $15.00<br>$22.50 | Off the clock<br>Lunch hours | 14<br>4 | 18 O/T hrs. | $405.00 |
| Week #15<br>02/17/19<br>03/01/19 | 4 | Reg. 40<br>O/T 3.38 | $15.00<br>$22.50 | Off the clock<br>Lunch hours | 14<br>4 | 18 O/T hrs. | $405.00 |
| Week #16<br>02/24/19<br>02/24/19 | 3 | Reg. 36.67<br>O/T | $15.00<br>$22.50 | Off the clock<br>Lunch hours | 10.5<br>3 | Total 13.5 hrs.<br>Reg.  3.33<br>O/T   10.17 | $ 49.95<br>$228.83 |
| Week #17<br>03/03/19<br>03/09/19 | 4 | Reg. 40<br>O/T 1.08 | $15.00<br>$22.50 | Off the clock<br>Lunch hours | 14<br>4 | 18 O/T hrs. | $405.00 |
| Week #18<br>03/10/19<br>03/16/19 | 3 | Reg. 33.20<br>O/T | $15.00<br>$22.50 | Off the clock<br>Lunch hours | 10.5<br>3 | Total 13.5 hrs.<br>Reg. 6.80 hrs.<br>O/T  6.70 hrs. | $102.00<br>$153.00 |
| Week #19<br>03/17/19<br>03/23/19 | 4 | Reg. 40<br>O/T 0.95 | $15.00<br>$22.50 | Off the clock<br>Lunch hours | 14<br>4 | 18 O/T hrs. | $405.00 |
| Week #20<br>03/24/19<br>03/30/19 | 3 | Reg. 34.50<br>O/T | $15.00<br>$22.50 | Off the clock<br>Lunch hours | 10.5<br>3 | Total 13.5 hrs.<br>Reg. 5.50 hrs.<br>O/T  8 hrs. | $82.50<br>$180.00 |

Unpaid regular hours @ $ 12.50 =14.88 hrs. x $ 12.50=                  $186.00
Unpaid regular hours @ $15.00 =17.85 hrs. x $ 15.00=                  $267.75
                                Total unpaid regular hours     $453.75

Unpaid O/T hours @ $18.75 O/T rate=210.12 O/T hrs. x $18.75 = $ 3,939.78
Unpaid O/T hours @ 22.50 O/T rate =112.65 O/T hrs. x $22.50 =  $ 2,536.88
                                Total unpaid overtime hours    $6,476.66

\* 4.5 off the clock hours x number of days worked= Unpaid hours.

Doc ID: 61fd134e933fa4349ce5eda59869064fef33f069

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

LOIDA ALMANZA
and other similarly-situated individuals,

      Plaintiff (s),

v.

SELECT EXPRESS & LOGISTICS, LLC,
And INNOVATIVE DELIVERY & LOGISTICS, LLC

      Defendant,

_____/

## **VERIFICATION OF COMPLAINT**

      The undersigned, for herself declares:

I am the Plaintiff in the above-styled action.  I have read the forgoing complaint consisting of 22

pages plus Exhibit "A", Hours Worked by Plaintiff Loida Almanza, and know the contents

thereof.  With respect to the causes of action alleged by me, the same is true by my own

knowledge, except as to those matters which are therein stated on information and belief, and, as

to those matters, I believe them to be true. I have reviewed this document and have had it

translated to me from English to Spanish.

      Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the forgoing is

true and correct.

Date: _____05/02/2019_____

Signature_____
               LOIDA ALMANZA

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Complaint |
| **FILE NAME** | Almanza Lioda - V...xhibit 050219.pdf |
| **DOCUMENT ID** | 61fd134e933fa4349ce5eda59869064fef33f069 |
| **STATUS** | ● Completed |

## Document History

**SENT**
**05/02/2019**
10:47:07 UTC-5
Sent for signature to Loida Almanza (almanzaloida@aol.com)
from svelez@thepalmalawgroup.com
IP: 73.0.216.26

**VIEWED**
**05/02/2019**
18:13:31 UTC-5
Viewed by Loida Almanza (almanzaloida@aol.com)
IP: 99.203.30.18

**SIGNED**
**05/02/2019**
18:14:49 UTC-5
Signed by Loida Almanza (almanzaloida@aol.com)
IP: 99.203.30.18

**COMPLETED**
**05/02/2019**
18:14:49 UTC-5
The document has been completed.